IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) ERIC WEAVER
    Registration No. 40587-007
    U.S. Penitentiary Allenwood
    Post Office Box 3000
    White Deer, PA          17887

                    Plaintiff,

vs.                                         4:17-CV-1918
                                         (Case Number)

(1) THE UNITED STATES OF AMERICA

(2) Correctional Officer M. Hess            FILED
                                          SCRANTON
(3) Correctional Officer Sheeley

(4) Correctional Officer Moyer            OCT 2 0 2017

                    Defendants.
                                        Per_____
                                           DEPUTY CLERK

## COMPLAINT

Plaintiff, Eric Weaver, sues the defendants and alleges as follows:

### Jurisdiction

1.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States and is premised on the acts or omissions of defendant by and through its agents and employees acting under color of federal law as well as 28 U.S.C. § 1346(b)(1) in that this is a claim against the United States of America and agency of the United States of America for money damages accruing after January 1, 1945, for injury and personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable in

accordance with the laws of the place where the acts and omissions occurred.

2. Jurisdiction founded upon the federal law is proper in that this action is premised upon causes of action under the Federal Tort Claims As ("FTCA"), 28 U.S.C. § 2671, et. seq., the United States Supreme Court's ruling in <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971) as well as pursuant to the Eighth Amendment of the Constitution of the United States of America.

3. This is an action to redress under the color of statutes, ordinances, regulations, customs or usage of rights, privileges and immunities secured to the plaintiff by the Eighth Amendment to the Constitution of the United States, the "FTCA", 28 U.S.C. § 2671, et. seq. and arising under the laws and statutes of the State of Pennsylvania.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (e)(3) in that this is an action against the United States of America and agents thereof and the acts and or omissions complained of occurred in the State of Pennsylvania.

5. Pursuant to the "FTCA", plaintiff on or about October 11, 2016, presented his claim via form SF95 to the appropriate federal agency for administrative settlement under the "FTCA" and by letter dated March 29, 2017 (resent to plaintiff on April 18, 2017) plaintiff's claim was finally denied by the agency.

6. This action is timely prusuant to 28 U.S.C. § 2401(b) in that it was presented to the agency within two(2) years of accrual of his claim and this action is filed within six(6) months of the date of the denial of plaintiff's claim. (Plaintiff has also utilized the prisons grievance procedure and has fully exhausted the available

administrative remedies regarding the present claims.).

7.  28 U.S.C. § 2679(b)(1) expressly waives immunity for the defendand, its agents and employees acting within the scope of thier employment and allows plaintiff to proceed against the United States for violation of his rights guaranteed by the United States Constitution.

8.  Plaintiff brings this action within the appropriate statutes of limitations.

9.  Plaintiff has been deprived of a right secured to him by the Constitution and the laws of the United States.

10. Plaintiff has been denied of his rights by defendant, thier agents and employees acting under color of federal law.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1402 in that the acts or omissions complained of occurred within this judicial district and the plaintiff resides in this judicial district.

### Parties

12. Plaintiff is a resident of pennsylvania.

13. Defendant United States of America is sued under the Federal Tort Claims Act for assault and battery and negligence by correctional officers and law enforcement officer (18 U.S.C. § 3050) of the United States, Federal Bureau of Prisons, United States Penitentiary Lewisburg.  Attention:  United States Attorney General, U.S. Department of Justice, 600 E. Street, N.W., Washington, D.C. 20530.  Also Attention: Office of the United States Attorney, 228 Walnut Street, Suite 220, P.O. Box 11754, Harrisburg, Pennsylvania, 17108.

14. Defendant M. Hess was, at all relevant times, an employee of the United States Department of Justice, Federal Bureau of Prisons, United States Penitentiary Lewisburg, an agency of the United States

of America. This defendant is sued in his individual capacity for assault and battery and violation of the defendant's Eighth Amendment rights. His business mailing is: United States Penitentiary Lewisburg, Post Office Box 1000, Lewisburg, Pennsylvania, 17837.

15. Defendant (first name unknown) Sheeley was, at all relevant times, an employee of the United States Department of Justice, Federal Bureau of Prisons, United States Penitentiary Lewisburg, an agency of the United States of America. This defendant is sued in his individual capacity for assault and battery and violation of the defendant's Eighth Amendment rights. His business mailing is: United States Penitentiary Lewisburg, Post Office Box 1000, Lewisburg, Pennsylvania, 17837.

16. Defendant (first name unknown) Moyer was, at all relevant times, an employee of the United States Department of Justice, Federal Bureau of Prisons, United States Penitentiary Lewisburg, an agency of the United States of America. This defendant is sued in his individual capacity for assault and battery and violation of the defendant's Eighth Amendment rights. His business mailing is: United States Penitentiary Lewisburg, Post Office Box 1000, Lewisburg, Pennsylvania 17837.

## Statement of Facts

17. At all times material hereto, plaintiff was and is an inmate and under the full custody and control of defendant.

18. At all times material hereto, the defendant has a duty to provide for the safekeeping, care, subsistence and protection of plaintiff, pursuant to 18 U.S.C. § 4042(a)(2) & (3).

19. Prior to the events which gave rise to the Complaint, on or about

March, 2016, while in USP Lewisburg Special Management Unit ("SMU"), Correctional Officer Shomo escorted plaintiff from the J-Block, third floor shower, back to his assigned cell in J-Block, cell #309.

20. At such time, officer Shomo ordered plaintiff to place his hands behind his back, so he could handcuff plaintiff, then he opened the shower door and placed his hands on plaintiff's restraints. When plaintiff stepped out of the shower, officer Shomo, without just provocation, placed his hands around plaintiff's neck and used his knee against the back of plaintiff's legs and forced plaintiff to the shower room floor.

21. Despite plaintiff's pleas for help, defendant Hess took no action to help plaintiff -- to stop officer Shomo from cutting off the plaintiff's air.

22. Further, despite plaintiff's pleas, officer Shomo punched plaintiff in the face and yelled: "This is my fucking Unit . . .", while atop of plaintiff and poised to strike plaintiff again.

23. That plaintiff acknowledged that he understood officer Shomo, and plaintiff pleaded with the officer not to call for assistance and have plaintiff placed in ambulatory restriants, and officer Shomo granted plaintiff's requests.

24. That defendant Hess witnessed the entire incident -- defendant could have stopped the cutting off of plaintiff's air and prevented further assault (the striking of plaintiff's face) and defendant neglected or refused so to do.

25. On or about March, 2016, plaintiff delivered an envelope to a J-Block staff member for mailing. The envelope was addressed to Mr. Bingaman, plaintiff's case manager, and contained a BP-8 Grievance

Complaint against officer Shomo -- that a J-Block officer intercepted the letter and threatened plaintiff, "I have your letter -- you really need to keep that smart trap of yours shut, because it can get you in a lot of trouble -- we run this," the officer said, then he smiled and walked away. Out of fear, plaintiff did not pursue the matter any further.

26. That, for several days after the assault, J-Block officers made it abundantly clear to plaintiff [when they stopped at plaintiff's cell just to give plaintiff an angry look] that they were out to get plaintiff.

27. On April 5, 2015, at approximately 9:00 a.m., J-Block officers ordered plaintiff and inmate Anthony H. Hardy, plaintiff's cellmate, to "cuff up for cell search." Plaintiff refused to submit to restraints and asserted his right to have a Lieutenant present. As reasons, plaintiff told the officer that he feared for his safety and he was not going to cuff-up without a Lieutenant present.

28. Shortly thereafter, two(2) Lieutenants, the Lieutenants' officers and J-Block officers (approximately seven(7) officers) returned to plaintiff's assigned cell, cell #309, presumably (due to the number of officers present), expecting that they would have to do a cell extraction.

29. At that time, plaintiff told the Lieutenant that he refused to submit to restraints because he feared for his safety -- that J-Block officers were out to get him -- that they were using the cell search as a pretext to take plaintiff into the shower area (off camera) and beat him. The Lieutenant replied, "my officers do not assault inmates. Are you still refusing to cuff-up?" Plaintiff submitted to

to restraints and was escorted to the J-Block, third floor three-man shower, where he was secured in the middle shower cage, then uncuffed and strip searched, as the Lieutenant and his officers observed. Inmate Hardy was escorted to the J-Block, third floor four-man shower.

30. While the strip search was being conducted, plaintiff asked the Lieutenant how long had he worked at Lewisburg. The Lieutenant did not respond. Plaintiff told the Lieutenant that he's been confined in the Special Management Unit since 2011 and, on many occasions, plaintiff has heard inmates cry out as they were being assaulted, and that plaintiff has witnessed several staff on inmates assaults.

31. Further, plaintiff told the Lieutenant that he did not believe the Lieutenant could be naive to the fact that inmates often complain that they were assaulted while in restraints. "I think you know that your officers are assaulting us with impunity." In reply, the Lieutenant maintained that his officers do not assault inmates, then warned plaintiff: "You are beginning to piss me off." After the strip search was completed, plaintiff was left alone in the shower cage uncuffed.

32. About an hour later, defendants Hess and Sheeley returned to the shower area, carrying paper clothing. Hess signaled (waived his hand) for defendant Moyer to enter the shower area -- Hess told the officer that followed Moyer that he was not needed.

33. Next, Sheeley and Moyer took up positions on both sides of Hess, as Hess inserted his key into the lock on the shower security gate. Reflectively, plaintiff grabbed the door -- plaintiff stuck his finger tips through the small holes in the grill, preparing to hold the door shut. Plaintiff asked Hess what was he doing, then yelled


out to fellow inmates on the nearby tier: "The C/O's are bringing me a move, the C/O's are pulling a move." Hess removed his key from the lock, then reasserted his key and unlocked the door, when inmates started yelling from their cell, cursing and threatening the officers, telling them that they better not do anything to plaintiff.

34. Next, Hess pulled the door open--plaintiff could not hold the door shut-- and stepped into the shower stall with plaintiff. Plaintiff grabbed defendant hess by the arms and pleaded with him, "Please, man, please don't do this." Hess looks back at the defendants and say, "Mr. Defenseless is scared, he wants to hold my arm," then Hess brought his knee up into plaintiff's genitals with brute force, which caused plaintiff to release his arms. At this point, plaintiff defended himself, striking Hess in the face several times, as Hess continued his attack.

35. That defendant Hess grabbed hold of plaintiff and yelled to his cronies, "Get This Nigger," and Sheeley and Moyer complied. All three defendants struck plaintiff repeatedly with closed fists -- punching plaintiff in the head, face, and about the torso.

36. Further, when the blows became too much for plaintiff to withstand, plaintiff fell to one knee and tried to protect his face. At this point, the defendants began to kick and punch plaintiff in the head, face, neck, arms, and about the torso. Plaintiff yelled out to fellow inmates for help, "Kick the doors, kick the doors, they are beating me, don't stop kicking." In response, inmates locked in their cells created a ruckus to get plaintiff help. At this point, Hess said to the others, "get the cuffs on him." Plaintiff then grabbed Moyer's legs and tried to bury his face between them to lessen the direct hits, and intending to try and hold out until staff arrived --

so they could see that plaintiff was not in restraints, which would have gotten the defendant in a world of trouble. The defendants pulled their billy clubsand started hitting plaintiff (about the arms, head, face, neck, and back) with their billy clubs, while telling plaintiff to cuff up. After plaintiff submitted to restraints, the defendants called for assistance.

37. While plaintiff is held face down on the floor in restraints, defendant Hess knelt on plaintiff's lower back, intentionally making it hard for plaintiff to breathe. Plaintiff told the defendants that he could not breathe. When the defendants did nothing, plaintiff put up a struggle for a better position so that he could breathe, defendants Hess and Moyer struck plaintiff several times with their billy clubs, while Sheeley rolled his billy club back and forth across plaintiff's left ankle to cause pain: "Quit resisting," Hess said.

38. Next, staff arrived and relieved the defendants. New staff then lifted plaintiff to his feet. Plaintiff was stripped naked, visually searched, metal detected, placed into paper clothing, placed into metal ambulatory restraints, then escorted to G Block cell #126, where plaintiff was kept in ambulatory restraints for 24 hours.

39. Over plaintiff's objections, the metal restraints were applied with unnecessary tightness -- the restraints were applied in a manner causing plaintiff to experience pressure from the metal cuff on his wrists, pressure from the leg irons on his ankle and achilles tendon, and the tightness of the metal belly chain, which restricted plaintiff's lower abdominal breathing. The improper placement of the cuffs and leg irons caused plaintiff's hands and feet to swell, resulting in numbness and soreness in plaintiff's hands, wrists and feet; and caused permanent black scars on plaintiff's wrists, ankles

and about the lower abdominal, where the belly chain was placed.

40. As a result of the acts of the United States' agents and employees, described in paragraphs 17-39 above, the plaintiff suffered pain and suffering and injuries, including a scalp wound requiring #3 staples, a busted lip that hasn't healed correctly, a deformed face (plaintiff's right cheek bone protrudes -- the cheek bone is permanently pushed out), and knots, bruises and aches about the body. As a further result of the acts of the officers described in paragraphs 34-37 above, the plaintiff has suffered injuries, including migraine headaches, visions difficulties, paranoia of correctional officers, and nightmares.

## COMMON-LAW CLAIMS AGAINST THE UNITED STATES
## (FTCA)

41. The actions of Officer Hess set forth in paragraphs 17-39 constitute assault and battery in violation of Pennsylvania common law. Under the Federal **Tort Claims Act**, the defendant United States of America is liable to the plaintiff for the unlawful actions of officer Hess as he was acting within the scope of his employment as both Correctional Officer and Law Enforcement Officer (see 18 U.S.C. § 3050) of the United States Federal Bureau of Prisons.

42. The actions of Officer Sheeley set forth in paragraphs 17-39 constitute assault and battery in violation of Pennsylvania common law. Under the Federal **Tort Claims Act**, the defendant United States of America is liable to the plaintiff for the unlawful actions of officer Sheeley as he was acting within the scope of his employment as both Correctional Officer and Law Enforcement Officer (see 18 U.S.C. § 3050) of the United States Federal Bureau of Prisons.

43. The actions of Officer Moyer set forth in paragraphs 17-39 constitute assault and battery in violation of Pennsylvania common law. Under the Federal **Tort Claims Act,** the defendant United States of America is liable to the plaintiff for the unlawful actions of officer Moyer as he was acting within the scope of his employment as both Correctional Officer and Law Enforcement Officer (see 18 U.S.C. § 3050) of the united States Federal Bureau of Prisons.

44. The actions of the Ambulatory Restraints Officer (name unknown) set forth in paragraph 39 constitute negligence in violation of Pennsylvania common law. The ambulatory restraints officer had a duty to the plaintiff not to place ambulatory restraints on plaintiff, so that the mere placement of restraints caused pain and injury. The officer breached his duty when he placed ambulatory restraints on this plaintiff in a manner that caused the plaintiff pain and injury. This breach of his duty constituted negligence in violation of Pennsylvania common law and was the direct and proximate cause of the plaintiff's pain and injury. Under the Federal **Tort Claims Act** the defendant United States of America is liable to the plaintiff for the unlawful actions of the Ambulatory Restraints Officer, as the officer was acting within the scope of his employment as both Correctional Officer and Law Enforcement Officer (see 18 U.S.C. § 3050) of the United States Federal Bureau of Prisons.

### CONSTITUTIONAL CLAIMS AGAINST OFFICERS
### (Bivens Claim)

45. The actions of Officer Hess set forth in paragraphs 17-39 violated Mr. Weaver's right to be free from excessive force and the wanton infliction of pain under the Eighth Amendment of the United

States Constitution. Defendant Hess is liable to the plaintiff for his unlawful actions in violation of the Constitution.

46. The actions of Officer Sheeley set forth in paragraphs 17-39 violated Mr. Weaver's right to be free from excessive force and wanton infliction of pain under the Eighth Amendment to the United States Constitution. Defendant Sheeley is liable to the plaintiff for his unlawful actions in violation of the Constitution.

47. The actions of Officer Moyer set forth in paragraphs 17-39 violated Mr. Weaver's right to be free from excessive force and wanton infliction of pain under the Eighth Amendment to the United States Constitution. Defendant Moyer is liable to the plaintiff for his unlawful actions in violation of the Constitution.

### Prayer for Relief

A. On the claim stated in paragraph 41, plaintiff asks the Court to enter judgment against defendant United States of America for money damages plus interest, costs and any other relief to which the plaintiff may be entitled including attorney's fees.

B. On the claim stated in paragraph 42, plaintiff asks the Court to enter judgment against defendant United States of America for money damages plus interest, costs and any other relief to which the plaintiff may be entitled including attorney's fees.

C. On the claim stated in paragraph 43, Plaintiff asks the Court to enter judgment against defendant United States of America for money damages plus interest, costs and any other relief to which the plaintiff may be entitled including attorney's feed.

D. On the claim stated in paragraph 44, plaintiff asks the Court to enter judgment against defendant United States of America

for money damages plus interest, costs and any other relief to which the plaintiff may be entitled including attorney's fees.

E. On the claim stated in paragraph 45, the plaintiff asks the Court to enter judgment against defendant officer Hess.

F. For the injuries that plaintiff suffered as a result of the claims stated in paragraphs 41 & 45, plaintiff asks the Court to hold defendants United States of America and Officer Hess jointly and severally liable for compensatory damages and the costs of this action.

G. For the claims stated in paragraph 45, the plaintiff asks the Court to hold defendant Officer Hess further liable for punitive damages.

H. On the claim stated in paragraph 46, the plaintiff asks the Court to enter judgment against defendant Officer Sheeley.

I. For the injuries that plaintiff suffered as a result of the claims stated in paragraphs 42 & 46, the plaintiff asks the Court to hold defendants United States of America and Officer Sheeley jointly and severally liable for compensatory damages and the costs of this action.

J. On the claim stated in paragraph 46, the plaintiff asks the Court to hold defendant Officer Sheeley further liable for punitive damages.

K. On the claim stated in paragraph 47, the plaintiff asks the Court to enter judgment against defendant Officer Moyer.

L. For the injuries that plaintiff suffered as a result of the claims stated in paragraphs 43 & 47, the plaintiff asks the Court to hold defendants United States of America and Officer Moyer jointly

and severally liable for compensatory damages and the costs of this action.

M.  On the claim stated in paragraph 47, the plaintiff asks the Court to hold defendant Officer Moyer further liable for punitive damages.

### JURY DEMAND

Plaintiff demands a jury trial of his constitutional claims against Officers Hess, Sheeley, and Moyer.

Dated: October 16, 2017     By: *Eric Weaver*
Eric Weaver
Registration No. 40587-007
USP Allenwood, P.O. Box 3000
White Deer, Pa 17887

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __16th__ day of __October__, 20 __17__.

_____
(Signature of Plaintiff)

CERTIFICATION

I, __Eric Weaver__, hereby certify and declare that the foregoing statements made by me are true and correct to the best of my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to the penalty for perjury under (28 U.S.C. § 1746).

Date: __October 16, 2017__

Respectfully submitted,

_Eric Weaver_ (signature)

## CERTIFICATE OF SERVICE

I, __Eric Weaver__, hereby certify that I have served a true and correct copy of the foregoing:

    Federal Tort Claims and Bivens COMPLAINT

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the Court, <u>Houstan v. Lack</u>, 101 Led.2d 245 (1988), upon the Court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

    United States District Court
    For The Middle District of Pennsylvania
    235 N. Washington Avenue
    Scranton, Pennsylvania, 18501

and deposited same in the United States Postal Mail at the United States Penitentiary

Signed on this __16th__ day of __October, 2017__

                                      Respectfully submitted

                                      *Eric Weaver*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eric weaver

## DEFENDANTS
The United States of America et. al.

(b) County of Residence of First Listed Plaintiff: Union County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2671 et seq.
Brief description of cause:
Federal Tort Claims and Bivens Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unliquidated
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: October 16, 2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

