# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC WEAVER,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *ET AL.*,

    Defendants.

No. 4:17-CV-1918

(Judge Brann)

## MEMORANDUM OPINION

### AUGUST 27, 2018

## I.    BACKGROUND

Eric Weaver filed this *pro se* action which asserts both *Bivens*-type civil rights and Federal Tort Claims Act (FTCA) claims while confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Plaintiff subsequently filed a notice stating that had been released from the custody of the Federal Bureau of Prisons (BOP) and transferred to the Arlington County Detention Facility, Arlington, Virginia. *See* Doc. 7. Service of the Complaint was previously ordered

Named as Defendants are the United States of America and multiple USP-Lewisburg officials. Weaver's claims stem from his contention that USP-Lewisburg staff intentionally interfered with his outgoing mail and subjected him

to excessive use of force.

Defendants filed a motion for partial summary judgment on February 5, 2018. *See* Doc. 16. In support of that motion, they submitted videotape evidence and a motion requesting that the videotape be filed under seal. Plaintiff failed to oppose either motion. Defendants' motion to seal stated that they were informed by correctional officials that Plaintiff was released from the Arlington County Detention Facility on November 13, 2017.

By Order dated March 13, 2018, the motion to seal was granted and Plaintiff was directed to inform the Court and opposing counsel of his current whereabouts so that arrangements could be made for him to view the videotape which was filed under seal. *See* Doc. 21.

Presently pending is Defendants' motion to dismiss Plaintiff's action for failure to prosecute. *See* Doc. 25. Defendants seek entry of dismissal on the grounds that Weaver has failed to satisfy his affirmative obligation of keeping the Court apprised of his current address as directed by the Court's Orders of October 20, 2017 and March 13, 2018. The unopposed motion is now ripe for consideration.

## II.   DISCUSSION

A copy of this Court's Standing Practice Order was mailed to Plaintiff on October 20, 2017. *See* Doc. 4. The Standing Practice Order provides in relevant

part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

*Id*., p. 4.

It is noted that since Weaver previously notified the Court when he was transferred to the Arlington County Detention Facility he was clearly aware of his responsibility to advise the Court of any change in his address.

Upon consideration of Defendants' statement that they were informed by correctional officials that Plaintiff was released from the Arlington County Detention Facility on November 13, 2017, this Court issued an Order dated March 13, 2018, directing Weaver to notify the Court and opposing counsel of his current whereabouts within twenty-one (21) days. *See* Doc. 21. A review of the record shows that Weaver failed to respond to that directive. In fact, Plaintiff has not made any filings in this matter since November 15, 2017. Based upon those circumstances, it appears that Weaver is no longer interested in pursuing this matter.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. *See* Federal Rule of Civil Procedure 41(b);

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). As noted above, Plaintiff was released from the Arlington County Detention Facility on November 13, 2017, he has not provided this Court with his current address. Consequently, Plaintiff has clearly failed to comply with a requirement of the Court's Standing Practice Order as well as the March 13, 2018 Order. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and prevents the taking of any other sanctions. *See Poulis v. State Farm*, 747 F. 2d 863 (3d Cir. 1984). Since Weaver's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

This Court is satisfied that based on the present circumstances, granting of the motion for dismissal of this action for failure to prosecute is warranted. If Plaintiff provides the Court with his current address within seven (7) days of the date of this Order, this matter will be reconsidered. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge